JOHN E. KELLY, ESQ. (CA Bar 40,217)
MICHAEL A. DiNARDO, ESQ. (CA Bar 216,991)
SCOTT M. LOWRY, ESQ. (CA Bar 244,504)
KELLY LOWRY & KELLEY, LLP
6320 Canoga Avenue, Suite 1650
Woodland Hills, California 91367
Tel: (818) 347-7900
Fax: (818) 340-2859
E-Mail: mike@klkpatentlaw.com
Attorneys for Counterdefendant CB Worldwide, Inc.
d/b/a Mammoth Pet Products

NOTE: CHANGES MADE BY THE COURT

### UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CB WORLDWIDE, INC. d/b/a MAMMOTH PET PRODUCTS, a California corporation | ) Case No. 09CV02189 JFW (AJWx) ) ) ) PERMANENT INJUNCTION |
| Plaintiff, | ) ) |
| v. | ) ) |
| XENA EXPRESS, INC., an Alabama Corporation, and DOES 1 to 10 | ) ) ) |
| Defendants. | ) ) |
| AND RELATED ACTIONS | ) ) ) |

The Court finds that:

1.   Both Mammoth and Defendant transact business within this judicial district.

2.   The Court has jurisdiction over the Parties and subject matter of this action;

3.   Mammoth is in the business of manufacturing, distributing and selling numerous dog chew toys including lengths of rope tied in loop rings and/or figure-eight loop rings including a tennis ball thereupon (the "Accused Products") as illustrated below:

  

 

4.    Defendant    Xena    Express,    Inc.,    formerly    Pet
Friendly, Inc., formerly Essential Pet Products, Inc.
("Defendant") is the owner of U.S. Design Patent Nos.
D497,225, D456,958, D465,885, and D382,678;

5.    Defendant claims to own trademarks, trade dresses
and/or product configuration marks in "variegated rope
toys of any configuration";

6.    In numerous letters and e-mails, Defendant has
accused Mammoth and several of its customers of
infringing various forms of intellectual property,
including design patents and trademarks, trade
dresses, and/or product configuration marks, allegedly
owned by Defendant by virtue of the sale of the
Accused Products;

7.    Defendant's design patents are, in fact, invalid
and/or not infringed by Mammoth, the Accused Products,
or the resale of the Accused Products by Mammoth's
customers;

8.    Defendant's alleged trademarks, trade dresses
and/or product configuration marks in "variegated rope
toys of any configuration" are, in fact, not owned by
Defendant, invalid and/or not infringed by Mammoth,
the Accused Products, or the resale of the Accused
Products by Mammoth's customers;

9.    Defendant's unlawful accusations of activities
injure Mammoth and Mammoth's customers by injuring
their business and reputation, as well as, the public
by depriving the public of the right to be free from

confusion in the marketplace;

10. Defendant's unlawful accusations result in irreparable injury and damage to Mammoth and will continue to cause Mammoth irreparable injury absent the issuance of this injunction;

11. Mammoth does not have an adequate remedy at law; and

12. A Permanent Injunction is also warranted to protect Mammoth's customers, as well as, the public from confusion and deception.

NOW THEREFORE, THE COURT ORDERS AS FOLLOWS:

Defendant Xena Express, Inc., formerly Pet Friendly, Inc., formerly Essential Pet Products, Inc. ("Defendant"), its co-owners, partners, officers, directors, managing agents, subsidiaries, parents, affiliated entities, heirs, successors, assigns, employees, attorneys, and each of them, and all others in active concert or participation with them, or those who are acting at their request or insistence who receive actual notice by personal service or otherwise, and each of them, are hereby permanently enjoined from:

1. Sending letters or transmitting communications to Mammoth, its suppliers and/or its customers, including but not limited to manufacturers, distributors, wholesalers and retail outlets, which supply, distribute, and/or offer for sale Mammoth's Accused Products:

(a) accusing them of infringing U.S. Design Patent Nos. D497,225, D456,958, D465,885, and/or

D382,678 by virtue of the manufacture, sale
and/or distribution of the Accused Products;

(b)   demanding that they cease and desist from
any manufacture, use and/or sale of the Accused
Products;

(c)   demanding that they withdraw all products,
goods, and material from the market that uses or
refers to the Accused Products;

(d)   demanding that they withdraw all promotional
material and advertisements from the market that
use or refer to the Accused Products;

(e)   demanding that they turn over all products,
goods, promotional material, advertisements, or
any other material that uses or refers to the
Accused Products;

(f)   demanding that they provide an accounting of
all gross revenue and profit earned from the sale
of any products or services using the Accused
Products;

(g)   demanding that they provide a statement of
all geographic markets in which they have used
the Accused Products;

(h)   demanding that they pay an invoice for the
alleged infringement of any of your patents; and

(i)   threatening to sue them if they do not
comply with your demands;

2.   Initiating suit for infringement of U.S. Design
Patent Nos. D497,225, D456,958, D465,885, and/or

1    D382,678 against Mammoth, its suppliers and/or

2    customers, including but not limited to manufacturers,

3    distributors, wholesalers and retail outlets, based

4    upon the supply, distribution, and/or offer for sale

5    of the Accused Products; and

6    3.    Accusing Mammoth, its suppliers and/or customers,

7    including but not limited to manufacturers, distributors,

8    wholesalers and retail outlets, of infringing any alleged

9    trademarks, trade dresses and/or product configuration

10   marks in "variegated rope toys of any configuration" by

11   virtue of the manufacture, distribution and/or sale of the

12   Accused Products.

13   IT IS SO ORDERED:

14

15   Dated: October 6, 2009

16   _____

17   Honorable John F. Walter

18   United States District Court Judge

19

20   NOTE: CHANGES MADE BY THE COURT

21

22

23

24

25

26

27

28